**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JASON M. CROUSE, et al,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| | ) | |
| **JASON M. CROUSE and REGINA L.** | ) | |
| **CROUSE,** | ) | |
| | ) | |
| **Appellants,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-477-GPM** |
| | ) | |
| **CITIZENS NATIONAL BANK OF** | ) | |
| **ALBION,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This bankruptcy appeal came before the Court for oral argument on January 23, 2012.  Having

fully considered all the papers on file and the arguments presented, the Court rules as follows: the

Judgment of the Bankruptcy Court is **AFFIRMED**.

The Crouses filed a voluntary Chapter 13 bankruptcy petition on November 4, 2010.  Appellee

Citizens National Bank of Albion ("Citizens") filed objections to the Debtors' valuation of certain

property–over which it is undisputed that Citizens had security interests.  In response to Citizens's

objections, Bankruptcy Judge Altenberger held a valuation hearing on April 19, 2011.  At the valuation

hearing, the parties adduced evidence as to the value of three vehicles: a 2003 Dodge Ram, a 2003 Case

40XT Skid Steer, and a 2008 Felling Flat Bed Trailer.  As to the Dodge Ram, Gregory Ellis, an

insurance appraiser, testified on behalf of the Debtors, valuing the Dodge Ram at $7,690.00. Seth Fearn, an employee of Citizens and an agricultural loan officer, testified for Citizens that the Dodge Ram was worth $16,975.00. Mr. Fearn's opinion was based on National Automobile Dealer Association guides. Judge Altenberger determined the value of the Dodge Ram to be $10,000.00. As to the 2003 Skid Steer, Edward Baylis, a licensed auctioneer, testified for the Debtors that the value was between $5,000.00 and $10,000.00. Mr. Fearn testified for Citizens that the value of the Skid Steer was $11,761.00. Judge Altenberger determined the value of the Skid Steer to be $11,400.00. Mr. Baylis also testified for Debtors as to the 2008 Felling Trailer–valuing it at $7,000.00. Mr. Fern valued the Trailer for Citizens at $22,000.00. Judge Altenberger determined the value of the Trailer to be $19,000.00.

Debtors now argue that Judge Altenberger improperly considered Citizens's evidence of "replacement value." According to Debtors, the Bankruptcy Court indicated that evidence of auction value (the evidence Debtors presented on the Skid Steer and the Trailer) could "never" constitute replacement value (Doc. 8). Debtors complain that Citizens's witnesses did not closely inspect the vehicles, and their lack of inspection forecloses the possibility that Citizens's witnesses correctly valued the vehicles "warts and all," as is required by *Rash* and its progeny. *See In re Gonzalez,* 295 B.R. 584, 591 (N.D.Ill. 2003), *citing Associates Commercial Corp. v. Rash,* 520 U.S. 953, 959 (1997).

The Supreme Court's *Rash* decision was codified in 11 U.S.C. 506(a)(2), as the statute now directs that replacement value is basis for valuing secured claims on property and that "replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." 11 U.S.C. § 506(a)(2). The Court cannot say from the record that the Bankruptcy Court erred in application of this legal standard to the valuation of the above-detailed property. As Citizens points out in its appellate response, Judge

Altenberger acknowledged at the valuation hearing that an auction value could constitute the replacement value–the Bankruptcy Court did not make the blanket repudiation of auctioneer valuation that Debtors suggest (Doc. 12). As the Bankruptcy Court correctly sought the replacement value of the vehicles, this Court's review is limited to whether the Bankruptcy Court's adjudgment of the witnesses at the valuation hearing was in clear error. *See Kovacs v. United States,* 614 F.3d 666, 672 (7th Cir. 2010) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (internal citations and quotations omitted). Though on appeal the Court finds Debtors' argument–that an auctioneer might be able to more accurately relay the value of farm equipment than an expert consulting dealer guides–persuasive, the Court cannot and will not find that there is any clear error in the Bankruptcy Court's valuation finding. Judge Altenberger heard the testimony of both parties' witnesses and was able to make an in-person credibility determination. The Court is not firmly convinced that any mistake was made as to the valuation of these vehicles.

The Judgment of the Bankruptcy Court will therefore be **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter Judgment in this case accordingly.

**IT IS SO ORDERED.**

DATED: January 23, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge